UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

Shia Werzberger,

                Plaintiff,                        C.A. No.: 7:22-cv-5243

   -against-                                    **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
American Honda Finance Corporation d/b/a Honda
Financial Services,

                Defendant(s).

-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Shia Werzberger, ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant American Honda Finance Corporation doing business as Honda Financial Services ("Honda") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Rockland.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of New York, and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 80 State St., Albany, NY 12207-2541.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of New York, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of New York, and may be served with process upon the C T Corporation System, its registered agent for service of process at 28 Liberty St 42nd Floor, New York, NY 10005.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Honda is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process at C T Corporation System, 28 Liberty St, New York, NY 10005.

**FACTUAL ALLEGATIONS**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. In December 2020, Plaintiff took a three-year lease on a 2021 Honda Pilot with regular payment amounts of $518.37 per month.

18. Plaintiff set up his payments with auto-pay to automatically withdraw the monthly payment from his bank account each month.

19. Unbeknownst to Plaintiff, his bank account was closed in January 2022, and his automatic Honda payment did not go through for that month.

20. When Plaintiff realized that the payment did not go through, he immediately called Honda to find out what happened.

21. Plaintiff paid the outstanding balance right away on January 26, 2022 and Honda agreed to waive the late payment and not report Plaintiff as late on his credit report, as the lack of payment was not his fault and Plaintiff timely paid in full.

22. Plaintiff expected to see the late payment removed from his credit report in subsequent months. However, it was not removed.

<u>Honda Dispute and Violation</u>

23. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his American Honda Finance Corporation account (Date Opened: December 1, 2020; Acct # 44970****).

24. The inaccurate information furnished by Honda and published by the Bureaus is inaccurate since the account is reporting with an incorrect late payment for January 2022.

25. All three Bureaus list Plaintiff as 30-days late for January 2022.

26. The account should not have any late payments listed on Plaintiff's credit report, as Honda agreed to waive the late payment and to fix the reporting.

27. Moreover, Plaintiff paid for the month of January on January 26, 2022, so he was not even late during that month.

28. Plaintiff formally disputed with the Bureaus on April 4, 2022, explaining the whole situation and even including the Honda Financial Services statement, which clearly waives the late payment fee charged in January 2022 and demonstrates that Plaintiff paid in full on January 26, 2022.

29. The Bureaus continued to issue the same inaccuracies for more than 30 days beyond Plaintiff's disputes.

30. It is believed and therefore averred that the Bureaus notified Honda of the Plaintiff's disputes.

31. Upon receipt of the disputes of the account from the Plaintiff by the Bureaus, Honda failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

32. Had Honda done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Honda that they agreed to update the late payment for January 2022.

33. Despite Plaintiff's dispute that the information on his consumer reports was inaccurate with respect to the disputed account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an

attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate.

34. On May 10, 2022, Equifax responded to Plaintiff and claimed that the account was reporting correctly.

35. Plaintiff did not receive a response from Transunion or Experian.

36. Plaintiff is very conscientious about paying on time and has no other late payments on his credit report.

37. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors.

38. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

39. In one instance, on or about June 8, 2022, Plaintiff was denied a new line of credit from Capital One Bank.

40. After reviewing Plaintiff's credit report, Capital One Bank lists the reasons why Plaintiff was denied a new line of credit.

41. The first reason listed is that, "Based on your credit report from one or more of the agencies on the back of this letter, there are too many delinquent past or present credit obligations."

42. All three Bureaus are listed on the back of the Capital One denial letter.

43. The subject account is only derogatory account listed on Plaintiff's credit report.

44. As the subject account is the only delinquent account on Plaintiff's credit report, it is clear that the subject account caused Plaintiff to be denied credit.

45. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

46. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the late payment listed for January 2022 is inaccurate.

47. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

48. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to the Bureaus)**

49. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

51. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

52. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Shia Werzberger, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureaus)

56. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

58. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

59. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

60. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

61. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Shia Werzberger, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Honda)

63. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

65. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

66. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

67. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

68. Honda violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

69. Specifically, Honda continued to report a late payment in January 2022 despite the fact that Plaintiff paid in full and Honda agreed to remove the late payment from Plaintiff's credit reports.

70. As a result of the conduct, action and inaction of Honda, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

71. The conduct, action and inaction of Honda was willful, rendering Honda liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Shia Werzberger, an individual demands judgement in his favor against Honda in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Honda)**

73. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

75. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

76. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

78. Honda is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

79. After receiving the Dispute Notice from the Bureaus, Honda negligently failed to conduct its reinvestigation in good faith.

80. A reasonable investigation would require a furnisher such as Honda to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

81. The conduct, action and inaction of Honda was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

82. As a result of the conduct, action and inaction of Honda, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

83. Specifically, Honda continued to report a late payment in January 2022 despite the fact that Plaintiff paid in full and Honda agreed to remove the late payment from Plaintiff's credit reports.

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Shia Werzberger, an individual, demands judgement in his favor against Honda for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

85. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  June 22, 2022

Respectfully Submitted,

/s/ *Tamir Saland*
**Stein Saks, PLLC**
By:  Tamir Saland
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
tsaland@steinsakslegal.com